U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 5 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JAMES TIMOTHY BONHAM, 1707636,**<br>**Petitioner,** | ) ) ) |
| **v.** | )   **No. 3:14-CV-0796-N** |
| **WILLIAM STEPHENS, Director, TDCJ-CID,**<br>**Respondent.** | ) ) ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

### I.   Procedural Background

Petitioner filed this petition pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for fraudulent use and possession of identifying information. *State of Texas v. James Timothy Bonham*, No. 28668 (354th Jud. Dist. Ct., Hunt County, Tex., Apr. 9, 2013). On April 9, 2013, pursuant to a plea agreement, the Court sentenced Petitioner to twenty-two years in prison. Petitioner did not file an appeal.

On October 11, 2013, Petitioner filed a state habeas petition. *Ex parte Bonham*, No. 77,224-20. On December 18, 2013, the Court of Criminal Appeals denied the petition without written order.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

On February 13, 2013, Petitioner filed the instant § 2254. He argues his conviction is the result of prosecutorial vindictiveness. On July 11, 2014, Respondent filed his answer. On July 28, 2014, Petitioner filed a reply. The Court now finds the petition should be denied.

**II.**      **Discussion**

**1.**      **Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)      An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

2.      **Prosecutorial Vindictiveness**

Petitioner claims his conviction is the result of prosecutorial vindictiveness due to his successful appeal of prior convictions.  On August 22, 2012, the Court of Criminal Appeals set aside judgments in eighteen of Petitioner's prior convictions because Petitioner's sentences in seventeen of those convictions were improperly enhanced.  On remand, the State indicted Petitioner on a new case (the conviction challenged in this petition) which alleged incidents that occurred on the same date as the incidents in the previous cases, and offered Petitioner a plea agreement of twenty-two years in prison that would dispose of all the cases.  Petitioner accepted the plea agreement, pled guilty to the conviction challenged in this petition, and was sentenced to twenty-two years in prison.

Once a guilty plea has been entered, all nonjurisdictional defects are waived.  *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)(citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)).  By Petitioner's plea of guilty, he has waived his claim that his conviction is unlawful based on prosecutorial vindictiveness.  *See United States v. Broce*, 488 U.S. 563 (1989) (holding that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.").

Petitioner has not argued that his guilty plea was involuntary.  Further, prisoners who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-

74 (1977).  Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents.  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

In this case Petitioner was admonished that he was pleading guilty to a second degree felony enhanced by a prior conviction, and that his range of punishment was 5 years to 99 years in prison. (Answer Ex. A.)  He signed documents stating that he understood the admonishments, that he was aware of the consequences of his guilty plea, and that his plea was freely and voluntarily entered. (*Id.*)  Finally, Petitioner admitted he committed each allegation in the indictment. (*Id.*)  The Court finds Petitioner's guilty plea was made freely and voluntarily.

**3.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**III.  Recommendation**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 25 day of March, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 4**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).